Filed 10/22/25  P. v. Wyatt CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339105 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23CJCF00762) |
| v. | |
| ANTHONY LAMAR WYATT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Anthony Lamar Wyatt, in pro. per.; Robert A. Werth, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Anthony Lamar Wyatt appeals from a judgment entered after a jury found him guilty of second degree robbery, making a criminal threat, battery causing serious bodily injury, and assault by means of force likely to cause great bodily injury. Wyatt's court-appointed appellate counsel filed a brief finding no arguable issues and asking this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. We have reviewed the record, as well as the arguments raised by Wyatt in his one-half page supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      *Incident with Jvion A.*[1] *– Counts 2, 6, 7 and 8*

On July 14, 2022, Jvion A. was walking down Hollywood Boulevard carrying a grocery bag when he was suddenly struck on the side of his face by a hard object. Jvion's glasses were knocked off his face, and he began bleeding from a cut above his eyebrow. When he looked up, he saw Wyatt coming at him aggressively. Jvion ran away and was hit by a car. Although injured, Jvion continued across the street to a grocery store, but no one at the store would help him. Jvion continued running and yelling for help.

Eventually, Wyatt caught up with Jvion. Wyatt chased him around a car and told him, "I'm going to need what's in that bag." With Wyatt continuing to chase after him, Jvion ran to a nearby department store where security guards stepped in between him and Wyatt. Wyatt told Jvion, who was now sitting

---

[1]     We refer to the witnesses by their first name and last initial only to protect their privacy interests. (See Cal. Rules of Court, rule 8.90(b)(10).)

inside the store, that he would kill him.  One of the security guards called 911, and Wyatt ran off.  Jvion received stitches at the hospital as a result of being struck by Wyatt.

### 2.  *Incident with Genene Y. – Count 1*

Shortly after Jvion was assaulted, another man, Genene Y., was attacked a short distance away on Hollywood Boulevard. Genene was walking out of a grocery store carrying his phone in one hand and his groceries in the other when he was hit hard in the back of his head, fell to the ground, and lost consciousness for a few seconds.  When he regained consciousness, Genene saw Wyatt coming at him.  A bystander began shouting for someone to call 911 and for Wyatt to "stay away from him."  Wyatt grabbed Genene's phone from his hand and ran away.

### 3.  *September 18 Incident – Counts 4 and 5*

In the early morning hours of September 18, 2023, Cherie T. was leaving Cordell F.'s apartment.  Cordell heard Cherie scream, and he ran towards Cherie's car.  Cordell saw Wyatt in the front passenger seat of the car, grabbing Cherie by the neck.  Cordell also saw a second individual rummaging through the car, but that person ran off when he saw Cordell. When the police arrived, they saw Wyatt sitting inside the car, wearing Cherie's purse.  They arrested Wyatt.

### 4.  *The Charges*

Wyatt was charged by information with one count of second degree robbery (Pen. Code,[2] § 211; count 1);  two counts of

---

[2]     Undesignated statutory references are to the Penal Code.

attempted second degree robbery (§§ 211, 664; counts 2 and 4); one count of second degree burglary of a vehicle (§ 459; count 5); one count of making a criminal threat (§ 422, subd. (a); count 6); and one count of battery causing serious bodily injury (§ 243, subd. (d); count 7).[3] The information further alleged Wyatt had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). The information also alleged four circumstances in aggravation within the meaning of California Rules of Court, rule 4.421(b)(1)-(4).

5. *The Trial and Sentencing*

The court denied Wyatt's motion to sever for trial counts 4 and 5 (attempted robbery of Cherie and burglary of her car), concluding these offenses were properly joined for trial and the joinder would not create a substantial danger of undue prejudice to Wyatt. The court also denied Wyatt's section 995 motion to dismiss count 7 (battery of Jvion causing serious bodily injury) arguing that great bodily injury had not been shown.

A seven-day jury trial was held. After the parties rested, the court granted the People's motion to conform the information to the evidence introduced at trial and added count 8, for assault by means of force likely to cause great bodily injury on Jvion (§ 245, subd. (a)(4)).

The jury found Wyatt guilty on counts 1, 2, 6, 7, and 8. As to count 7, the jury found true that Wyatt personally inflicted great bodily injury on the victim within the meaning of

---

[3] The trial court granted the People's motion to dismiss a carjacking allegation, alleged as count 3.

4

sections 667 and 1192.7. As to count 8, the jury found true that Wyatt personally inflicted great bodily injury on the victim within the meaning of section 12022.7. The jury acquitted Wyatt on counts 4 and 5. The jury could not reach a verdict on the lesser included offense to count 5 (misdemeanor tampering with an automobile; Veh. Code § 10852), and the People dismissed that count. The court also dismissed count 2 under section 1385 upon the People's motion, based on an error on the verdict form.

Wyatt personally waived his right to a jury trial on the alleged prior strike offenses and aggravating factors, and following a bench trial, the trial court found the strike priors and aggravating factors to be true. The court granted the defense's motion to strike one of the two strike priors under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The trial court sentenced Wyatt to an aggregate state prison term of 12 years, consisting of five years (the upper term, based on the aggravating factors found true) on count 1, doubled under the three strikes law, and a consecutive term of one year (one-third the middle term) on count 8, which was also doubled under the three strikes law. The court stayed the section 12022.7 great bodily injury allegation as to count 8. Concurrent sentences on count 6 (the upper term of three years, doubled) and count 7 (the upper term of four years, doubled) were imposed and stayed pursuant to section 654. The court ordered Wyatt to make restitution to the victims, but suspended all fines or fees.

## DISCUSSION

We appointed counsel to represent Wyatt in his appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Wyatt on August 6, 2025 that he could

5

personally submit any contentions or issues he wanted the court to consider.  Counsel also sent Wyatt a copy of the transcript of the record on appeal, including a copy of the brief.  On August 18, 2025 we received a one-half page handwritten supplemental brief from Wyatt.

In his supplemental brief, Wyatt contends that "I was resting in a car that appeared to be abandoned.  I was homeless and my arm was broke. . . . [¶]  They asked me to get out of the car and I tried but they started throwing things at me.  I told them my arm was broken and to call the cops."  However, this evidence is outside the record, and "we cannot consider on appeal evidence that is not in the record." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1249; see *In re Carpenter* (1995) 9 Cal.4th 634, 646 ["[a]ppellate jurisdiction is limited to the four corners of the record on appeal"].)  Moreover, Wyatt's argument in his supplemental brief is irrelevant because the incident he discusses relates to counts 4 and 5, on which Wyatt was acquitted.

We have examined the record and are satisfied appellate counsel for Wyatt has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.